COOLEY LLP
JOHN W. CRITTENDEN (101634)
(jcrittenden@cooley.com)
CHANTAL Z. HWANG (275236)
(chwang@cooley.com)
MICHAEL C. BLEICHER (313892)
(mbleicher@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

COOLEY LLP
PETER J. WILLSEY (*pro hac vice to be filed*)
(pwillsey@cooley.com)
1299 Pennsylvania Avenue, NW, Ste. 700
Washington, DC 20004
Telephone: (202) 842 7826
Facsimile: (202) 842 7899

Attorneys for Defendant
CONTEXTLOGIC INC. d/b/a WISH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEALDASH OYJ and DEALDASH INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONTEXTLOGIC INC. d/b/a WISH, <br><br> Defendant. | Case No.  3:18-cv-02353-MMC <br><br> **DECLARATION OF JOHN W. CRITTENDEN IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE HEARING FOR PLAINTIFFS' PRELIMINARY INJUNCTION MOTION AND EXTEND ASSOCIATED DEADLINES** <br><br> Hearing on Plaintiffs' Motion for Preliminary Injunction <br> Date:    June 29, 2018 <br> Time:   9:00 AM <br> Court:  Courtroom 7, 19th Floor |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

**DECL. OF JOHN W. CRITTENDEN IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE**
**CASE NO. 3:18-CV-02353-MMC**

I, JOHN W. CRITTENDEN, DECLARE AS FOLLOWS:

**1.** I am a Senior Counsel in the law firm of Cooley LLP, lead trial counsel in this action for Defendant ContextLogic Inc. d/b/a Wish ("Wish"). I am a member of the bar of this Court and resident in Cooley LLP's San Francisco office. I make this declaration in support of Wish's Administrative Motion to Continue the Hearing for Plaintiffs' Preliminary Injunction Motion and Extend Associated Deadlines. I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein.

**2.** On Friday, May 11, 2018, Wish retained Cooley LLP to defend it in this action with me as its new lead trial counsel, and asked us to take the case over from the Indiana-based attorneys at the law firm of Barnes & Thornburg, who had been assisting Wish in the matter initially.

**3.** Wish provides an online discount shopping platform and mobile application under the name and registered trademark WISH®. Within the Wish app is a feature that provides a "Once a day sale on extra discounted products" that originally was called "Deal Dash." In their complaint, Plaintiffs DealDash OYJ and DealDash, Inc. ("Plaintiffs") have alleged that Wish's use of the name DEAL DASH for this daily deal feature was an infringement of their registered mark DEALDASH.

**4.** Wish's General Counsel has advised me that, as far as he knew, before Wish's registered agent for service of process was served with Plaintiffs' Summons, Complaint, Motion for Preliminary Injunction ("Motion") and supporting papers on or about April 23, 2018, Plaintiffs never sent Wish a cease and desist letter or otherwise informed Wish of their objection to its use of the name DEAL DASH.

**5.** Wish has advised me that the DEAL DASH name is not important to it, and that an effort to eliminate issues in dispute and facilitate resolution of this matter, it had decided voluntarily and permanently to remove the name from the Wish app in favor of BLITZ BUY.

**6.** On Monday, May 14, 2018, I called Plaintiffs' counsel, Ms. Erika Warren, to inform her that we were now representing Wish and that Wish had removed the DEAL DASH name from the app and renamed its daily deal feature BLITZ BUY. In light of that, I asked if Plaintiffs would take their Motion for Preliminary Injunction ("Motion") off calendar, as their prayer for an injunction against use of the name was moot. Ms. Warren advised that changing the name would not moot the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DECL. OF JOHN W. CRITTENDEN IN SUPPORT OF
ADMINISTRATIVE MOTION TO CONTINUE
CASE NO. 3:18-CV-02353-MMC

1  Motion because Plaintiffs also sought an injunction against Wish's accepting orders from users who
2  had downloaded the Wish app while the feature was still called DEAL DASH.

3  **7.** On May 15, 2018, I sent Ms. Warren an e-mail asking whether Plaintiffs would consent
4  to a two-week extension of the hearing and deadline for Wish's response to the Motion because my
5  firm had just been engaged by Wish and that I, and most members of our trial team, had previously
6  committed to attend the International Trademark Association (INTA) Annual Meeting in Seattle set
7  for May 19-23, 2018.  I further explained that I was required to attend, as I am the Chair of INTA's
8  International Amicus Committee, a member of INTA's Advocacy Group Council, and a speaker on
9  an MCLE panel.  Ms. Warren had a letter e-mailed to me on May 16, 2018 denying our request.

10  **8.** In response, on May 16, 2018 I e-mailed Ms. Warren to ask if Plaintiffs would
11  reconsider their position on the continuance if Wish were to consent to a preliminary injunction further
12  order of the Court or final entry of judgment by this Court in this matter as follows:

13  a. Wish shall be and is enjoined from using the name DEAL DASH or other
14  similar designation consisting of the words DEAL and DASH or variants of those words
15  (e.g., DEALDASH, DEALS DASH, DASH DEAL, DEAL DASHING) as a trademark,
16  service mark, or other designation or identifier of its goods or services or of Wish itself.

17  b. For avoidance of doubt, this injunction shall not prohibit Wish from making
18  any non-trademark use of the words "deal" or "dash" in their ordinary meanings, nor shall
19  it prohibit Wish from using Plaintiffs' mark DEALDASH to refer to Plaintiffs or their
20  goods or services.

21  c. No security shall be required of Plaintiffs as a condition of entry of this
22  preliminary injunction.

23  **9.** On May 17, 2018, Ms. Warren rejected our proposal and told me that Plaintiffs only
24  would agree to our request for a continuance if Wish also consented to a broader preliminary injunction
25  imposing additional restrictions on Wish.  My colleague Chantal Z. Hwang informed her that the
26  additional injunction terms were not acceptable to Wish.

27  **10.** I continued to communicate with Ms. Warren through the morning of May 18, 2018 in
28  an effort to reach an agreement by which Wish would consent to a preliminary injunction as I had

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DECL. OF JOHN W. CRITTENDEN IN SUPPORT OF
ADMINISTRATIVE MOTION TO CONTINUE
CASE NO. 3:18-CV-02353-MMC

1  described in exchange for the a two-week extension. Unfortunately, we could not reach agreement,
2  necessitating this motion.

3      **11.** A two-week extension of the hearing and deadline for Wish's response to the Motion
4  for Preliminary Injunction would allow me and my trial team to review and respond to the issues raised
5  in the Motion and declarations and exhibits filed with it.

6      **12.** Wish is available for a hearing on July 13, 2018 (two weeks from the current date) or
7  July 20, 2018. Plaintiffs' counsel advised that she prefers July 20, which is also the date of the Case
8  Management Conference in this case. Because I have a long-planned vacation out of the country from
9  July 21 through August 5, 2018, I respectfully request that the Court not set the hearing during that
10 time.

11     I declare under penalty of perjury that the foregoing is true and correct. Executed on May 18,
12 2018 in San Francisco, California.

/s/ John W. Crittenden
John W. Crittenden