COOLEY LLP
JOHN W. CRITTENDEN (101634) (jcrittenden@cooley.com)
CHANTAL Z. HWANG (275236) (chwang@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

COOLEY LLP
PETER WILLSEY (DC Bar No. 996937) (pwillsey@cooley.com) (*pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

COOLEY LLP
MICHAEL C. BLEICHER (313892) (mbleicher@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendant
CONTEXTLOGIC INC. d/b/a WISH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEALDASH OYJ and DEALDASH INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONTEXTLOGIC INC. d/b/a WISH, <br><br> Defendant. | Case No. 3:18-cv-02353-MMC <br><br> **DEFENDANT CONTEXTLOGIC INC. D/B/A WISH'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant ContextLogic Inc. d/b/a Wish ("Wish") responds to the Amended Complaint ("Complaint") of Plaintiffs DealDash Oyj and DealDash Inc. ("Plaintiffs") as set forth below. Unless specifically admitted, Wish denies each of the allegations in Plaintiffs' Complaint, including but not limited to any assertions made in any section headers in the Complaint.

**NATURE OF THE ACTION**

1. Wish denies the allegation in Paragraph 1 suggesting that Wish is a "counterfeit." Wish

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and on that basis, denies the same.

2. Wish admits that it provides an online discount shopping platform and mobile application under the name and federally-registered trademark WISH® that previously contained a daily deal feature originally called "Deal Dash" and renamed "Blitz Buy." As with all retail and shopping platforms, Wish receives a wide range of customer inquiries, feedback, and sometimes complaints regarding products purchased from a third party merchant through either the WISH® website at https://www.wish.com/ or the WISH® mobile application. Wish denies Plaintiffs' allegation that Wish is a "competing site" that "has been trading on" Plaintiffs' name. Wish further denies the allegation that Wish uses the same gamified shopping concept or color scheme in order to sell the same products as Plaintiffs. Except as so expressly admitted, Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and on that basis, denies the same.

3. Wish denies Plaintiffs' allegations in Paragraph 3 of the Complaint that it has misused Plaintiffs' registered mark, and further denies Plaintiffs' allegation that any conduct by Wish has caused any harm to Plaintiffs' business and reputation. Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and on that basis, denies the same.

4. The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Wish admits that Plaintiffs have brought this lawsuit alleging claims for federal and common law trademark infringement, unfair competition, dilution, false advertising, and deceptive advertising and unfair business practices under California law.

5. Wish admits that it operates shopping websites and mobile applications under the names CUTE™, HOME™, GEEK™, and MAMA™, each of which previously contained a daily deal feature called "Deal Dash." Except as so expressly admitted, Wish denies the allegations in Paragraph 5 of the Complaint.

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

2.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

## PARTIES

6. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies the same.

7. Wish admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Sansome Street, 40th Floor, San Francisco, California. Wish does not dispute that it operates an e-commerce platform on the WISH® website at https://www.wish.com/ and the WISH® mobile application or that it owns and operates the CUTE™, HOME™, GEEK™, and MAMA™ websites and mobile apps. Except as so expressly admitted, Wish denies the remaining allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Wish admits the allegations contained in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Wish admits the allegations contained in Paragraph 9 of the Complaint.

## ANSWERS TO FACT ALLEGATIONS

10. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, denies the same.

11. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis, denies the same.

12. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis, denies the same.

13. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, denies the same.

14. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies the same.

15. Wish lacks knowledge or information sufficient to form a belief as to the truth of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

3.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

1  allegations in Paragraph 15 of the Complaint, and on that basis, denies the same.

2        16.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the
3  allegations in Paragraph 16 of the Complaint, and on that basis, denies the same.

4        17.    Wish admits that the records of the United States Patent and Trademark Office ("PTO")
5  currently identify "DealDash Oy" of Helsinki, Finland as the owner of U.S. Registration ("Reg.") No.
6  3,914,068 for the mark DEALDASH, and that no further response is necessary because the PTO
7  records speak for themselves.  Wish further admits that Exhibit 1 of the Complaint appears to be a
8  Certificate of Registration for the mark DEALDASH, U.S. Reg. No. 3,914,068.  Wish also admits that
9  Exhibit 2 of the Complaint appears to be a printout from the PTO's Trademark Status & Document
10 Retrieval ("TSDR") records identifying an entity by the name of "DealDash Oy" of Helsinki, Finland
11 as the owner of U.S. Reg. No. 3,914,068.  Wish admits that Exhibit 3 of the Complaint appears to be
12 a screenshot from the PTO's Trademark Electronic Search System (TESS) showing the search results
13 of the terms "deal dash."  Except as so expressly admitted, Wish lacks knowledge or information
14 sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint,
15 and on that basis, denies the same.

16       18.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the
17 allegations in Paragraph 18 of the Complaint, and on that basis, denies the same.

18       19.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the
19 allegations in Paragraph 19 of the Complaint, and on that basis, denies the same.

20       20.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the
21 allegations in Paragraph 20 of the Complaint, and on that basis, denies the same.

22       21.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the
23 allegations in Paragraph 21 of the Complaint, and on that basis, denies the same.

24       22.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the
25 allegations in Paragraph 22 of the Complaint, and on that basis, denies the same.

26       23.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the
27 allegations in Paragraph 23 of the Complaint, and on that basis, denies the same.

28       24.    Wish lacks knowledge or information sufficient to form a belief as to the truth of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

4.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

allegations in Paragraph 24 of the Complaint, and on that basis, denies the same.

25. Wish admits it was founded in 2011 and started by offering a mobile application under the name WISH® that allowed users to save their "wish lists" or a list of items they were interested in potentially purchasing. Today, Wish provides an online discount shopping platform and mobile application under the name WISH® where users are able to purchase products directly from manufacturers around the world, including China. Except as so expressly admitted, Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and on that basis, denies the same.

26. Wish admits that in 2015, it began offering a daily deal feature within its WISH® mobile application, which it called "Deal Dash." Wish further admits that its daily deal feature provided a gaming element in which a user could "spin" a wheel to "unlock" the number of products a user can purchase at a discount. Wish also admits that in using the daily deal feature, the user has a limited time within which he or she can purchase a certain set of products at a discount. Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 26 of the Complaint.

27. Wish admits that it uses a light blue color scheme throughout the WISH® website at https://www.wish.com/ and the WISH® mobile application. Wish further admits that it incorporates different variations of yellow, in addition to the aforementioned light blue color scheme, to its daily deal feature originally called "Deal Dash" and renamed "Blitz Buy." Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 27 of the Complaint.

28. Wish denies the allegations in Paragraph 28 of the Complaint.

29. Wish admits that Exhibit 4 of the Complaint appears to be screenshots of a personal website of one of Wish's employees, which states that "Deal Dash is a feature within Wish that gamifies the shopping experience by allowing the shopper to play and redeem rewards as they shop." Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 27 of the Complaint.

30. Wish admits that, to play the game formerly named "Deal Dash" and now called "Blitz Buy," a shopper spins the spinner, which unlocks the indicated number of discounted products. The shopper then gets a timed shopping spree where they can buy these discounted products. The time

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

5.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

remaining in the shopping spree is displayed as a countdown timer; the minutes remaining appear in a banner using the gold and blue scheme.

31. Wish admits that it offers consumer electronics, apparel and accessories, luggage, toys and games, and health and beauty items through its platforms. Wish denies that it has used a "counterfeit mark" and denies that its prior use of the term "Deal Dash" created a likelihood of consumer confusion. Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, and on that basis, denies the same.

32. Wish denies the allegations in Paragraph 32 of the Complaint.

33. Wish admits that certain of its advertisements previously contained the name "Deal Dash" for a daily deal feature that is now called "Blitz Buy." Except as so expressly admitted, Wish denies the allegations in Paragraph 33 of the Complaint.

34. Wish admits that it previously used "in-app" advertisements that contained the term "Deal Dash." Wish also admits that one in-app advertisement that it previously used contained an example of Wish's daily deal game, which was then named "Deal Dash" and has since been renamed "Blitz Buy," featuring a spinnable wheel and including an option to install the app. Except as so expressly admitted, Wish denies the allegations in Paragraph 34 of the Complaint.

35. Wish admits that it previously used the name "Deal Dash" for its daily deal feature, now renamed "Blitz Buy," on its Facebook page. Except as so expressly admitted, Wish denies the allegations in Paragraph 35 of the Complaint.

36. Wish admits that it previously used the name "Deal Dash" for its daily deal feature, now renamed "Blitz Buy," on its Twitter feed. Except as so expressly admitted, Wish denies the allegations in Paragraph 36 of the Complaint.

37. Wish admits that it is a large e-commerce company. Wish also admits that it has more than 300 million users around the world. Wish denies the remaining allegations in Paragraph 37 of the Complaint.

38. Wish admits that, as with all retail and shopping platforms, it receives a wide range of customer inquiries, feedback, and sometimes complaints regarding products purchased from a third party merchant through either the WISH® website at https://www.wish.com/ or the WISH® mobile

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

6.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

application. Wish further admits that customer complaints can relate to delivery issues, payment issues, credit card issues, or the actual merchandise shipped by the third party merchants from whom customers purchase directly via Wish's website or mobile app. Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 38 of the Complaint.

39. Wish admits that some of Plaintiffs' allegations in Paragraph 39 of the Complaint appear to be quotes taken from the Complaints Board website at https://www.complaintsboard.com, and that no further response is necessary because the contents of these webpages speak for themselves. Wish also admits that some of Plaintiffs' allegations in Paragraph 39 of the Complaint appear to be quotes taken from the Pissed Consumer website at https://www.pissedconsumer.com/, and that no further response is necessary because the contents of these webpages speak for themselves. Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 39 of the Complaint.

40. Wish admits that Plaintiffs' allegations in Paragraph 40 of the Complaint appear to be quotes taken from the Pissed Consumer website at https://www.pissedconsumer.com/, and that no further response is necessary because the contents of these webpages speak for themselves.

41. Wish admits that the first image contained in Exhibit 5 of the Complaint appears to be a screenshot taken from the WISH® website at https://www.wish.com/, and that no further response is necessary regarding that image because the contents of this screenshot speak for themselves. Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint, and on that basis, denies the same.

42. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis, denies the same.

43. Wish admits that it owns and operates the following affiliate businesses: Cute, Home, Geek, and Mama. Wish also admits that each of the foregoing business also provide online shopping focused on various categories of products. Wish admits that each of the foregoing businesses previously used the name "Deal Dash" in connection with a game-like daily deal feature which has since been renamed to "Blitz Buy." Except as so expressly admitted, Wish denies the allegations in Paragraph 43 of the Complaint.

44. Wish admits that it owns and operates a website and mobile application called CUTE™

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

7.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

that offer cosmetics.  Wish also admits that the Google Play Store page indicates that the CUTE™ mobile application has been installed more than 10,000,000 times.  Except as so expressly admitted, Wish denies all allegations in Paragraph 44 of the Complaint.

45. Wish admits that CUTE™ previously offered a daily deal feature called "Deal Dash," which has since been renamed "Blitz Buy."  Wish further admits that the "Deal Dash" daily deal feature provided a gaming element in which a user could "spin" a wheel to "unlock" the number of products a user could purchase at a discount.  Wish also admits that in using the "Deal Dash" daily deal feature, the user had a limited time within which he or she could purchase a certain set of products at a discount.  Wish also admits that the CUTE™ website and mobile application use a pink banner color.  Wish further admits that the daily deal feature originally called "Deal Dash" and renamed "Blitz Buy" incorporates different variations of yellow in addition to a light blue color scheme.  Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 45 of the Complaint.

46. Wish admits that it owns and operates a website and mobile application called HOME™ that offers home décor goods.  Wish also admits that the Google Play Store page indicates that the HOME™ mobile application has been installed more than 10,000,000 times.  Except as so expressly admitted, Wish denies all allegations in Paragraph 46 of the Complaint.

47. Wish admits that HOME™ previously offered a daily deal feature called "Deal Dash," which has since been renamed "Blitz Buy."   Wish further admits that the "Deal Dash" daily deal feature provided a gaming element in which a user could "spin" a wheel to "unlock" the number of products a user could purchase at a discount.  Wish also admits that in using the "Deal Dash" daily deal feature, the user had a limited time within which he or she could purchase a certain set of products at a discount.  Wish also admits that the HOME™ website and mobile application use a burgundy banner color.  Wish further admits that the daily deal feature originally called "Deal Dash" and renamed "Blitz Buy" incorporates different variations of yellow in addition to a light blue color scheme.  Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 47 of the Complaint

48. Wish admits that it owns and operates a website and mobile application called GEEK™ that offers electronics and technology products.  Wish also admits that the Google Play Store indicates

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138                                                      8.                                                      DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
                                                                                                                       AMENDED COMPLAINT
                                                                                                                       CASE NO. 3:18-CV-02353-MMC

that the GEEK™ mobile application has been installed more than 10,000,000 times. Except as so expressly admitted, Wish denies all allegations in Paragraph 48 of the Complaint.

49. Wish admits that GEEK™ previously offered a daily deal feature called "Deal Dash," which has since been renamed "Blitz Buy." Wish further admits that the "Deal Dash" daily deal feature provided a gaming element in which a user could "spin" a wheel to "unlock" the number of products a user could purchase at a discount. Wish also admits that in using the "Deal Dash" daily deal feature, the user had a limited time within which he or she could purchase a certain set of products at a discount. Wish also admits that the GEEK™ website and mobile application use a green banner color. Wish further admits that the daily deal feature originally called "Deal Dash" and renamed "Blitz Buy" incorporates different variations of yellow in addition to a light blue color scheme. Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 49 of the Complaint.

50. Wish admits that it owns and operates a website and mobile application called MAMA™ that sells maternity and children's goods. Wish also admits that the Google Play Store indicates that the MAMA™ mobile application has been installed more than 5,000,000 times. Except as so expressly admitted, Wish denies all allegations in Paragraph 50 of the Complaint.

51. Wish admits that MAMA™ previously offered a daily deal feature called "Deal Dash," which has since been renamed "Blitz Buy." Wish further admits that the "Deal Dash" daily deal feature provided a gaming element in which a user could "spin" a wheel to "unlock" the number of products a user could purchase at a discount. Wish also admits that in using the "Deal Dash" daily deal feature, the user had a limited time within which he or she could purchase a certain set of products at a discount. Wish also admits that the MAMA™ website and mobile application use a purple banner color. Wish further admits that the daily deal feature originally called "Deal Dash" and renamed "Blitz Buy" incorporates different variations of yellow in addition to a light blue color scheme. Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 49 of the Complaint.

52. Wish admits that certain of its prior advertisements for the CUTE™, HOME™, GEEK™, and MAMA™ platforms reflected those platforms' use of the term "Deal Dash" to describe their respective daily deal features. Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 52 of the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

9.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

**CLAIMS FOR RELIEF**
**COUNT I**
**(Trademark Infringement Under 15 U.S.C. § 1114)**

53. Wish hereby incorporates as though fully set forth herein its responses to the allegations in Paragraphs 1 through 52.

54. Wish admits that the PTO records currently identify "DealDash Oy" of Helsinki, Finland as the owner of U.S. Reg. No. 3,914,068 for the mark DEALDASH. Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint, and on that basis, denies the same.

55. Wish denies the allegation in Paragraph 55 of the Complaint that Plaintiffs' mark DEALDASH is inherently distinctive and therefore entitled to trademark protection. Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint, and on that basis, denies the same.

56. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis, denies the same.

57. Wish denies the allegation in Paragraph 57 of the Complaint that it has used or uses a counterfeit mark on its e-commerce platforms. Wish admits that it has previously used "Deal Dash" as the name of a feature on the WISH® mobile app and WISH® website at https://www.wish.com/, as well as on the CUTE™, HOME™, GEEK™, and MAMA™ mobile apps and websites. Wish also denies the allegation that Wish operates "competing" platforms. Wish further denies that it currently uses a counterfeit "Deal Dash" mark on its platform. Except as so expressly admitted, Wish denies the remaining allegations in Paragraph 57 of the Complaint.

58. Wish denies the allegations in Paragraph 58 of the Complaint.

59. Wish denies the allegations in Paragraph 59 of the Complaint.

60. Wish denies the allegations in Paragraph 60 of the Complaint.

61. Wish denies the allegations in Paragraph 61 of the Complaint.

62. Wish denies the allegations in Paragraph 62 of the Complaint.

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

10.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

## COUNT II
### (False Designation of Origin, False Affiliation, and Unfair Competition Under 15 U.S.C. § 1125(a))

63. Wish hereby incorporates as though fully set forth herein its responses to the allegations in Paragraphs 1 through 62.

64. Wish admits that the PTO records currently identify "DealDash Oy" of Helsinki, Finland as the owner of U.S. Reg. No. 3,914,068 for the mark DEALDASH. Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Complaint, and on that basis, denies the same.

65. Wish denies the allegation in Paragraph 65 of the Complaint that Plaintiffs' mark DEALDASH is inherently distinctive and therefore entitled to trademark protection. Wish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint, and on that basis, denies the same.

66. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and on that basis, denies the same.

67. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and on that basis, denies the same.

68. Wish denies the allegations in Paragraph 68 of the Complaint.

69. Wish denies the allegations in Paragraph 69 of the Complaint.

70. Wish denies the allegations in Paragraph 70 of the Complaint.

71. Wish denies the allegations in Paragraph 71 of the Complaint.

72. Wish denies the allegations in Paragraph 72 of the Complaint.

73. Wish denies the allegations in Paragraph 73 of the Complaint.

## COUNT III
### (Dilution of a Famous Mark in Violation of the Trademark Dilution Act 15 U.S.C. § 1125(c))

74. Wish hereby incorporates as though fully set forth herein its responses to the allegations in Paragraphs 1 through 73.

75. Wish denies the allegations in Paragraph 75 of the Complaint.

76. Wish denies the allegations in Paragraph 76 of the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

11.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

77. Wish lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation in Paragraph 77 of the Complaint regarding what the general public associates with the "DealDash" mark, and on that basis, denies the same. Wish denies the remaining allegations in Paragraph 77 of the Complaint.

78. Wish denies the allegations in Paragraph 78 of the Complaint.

79. Wish denies the allegations in Paragraph 79 of the Complaint.

80. Wish denies the allegations in Paragraph 80 of the Complaint.

81. Wish denies the allegations in Paragraph 81 of the Complaint.

82. Wish denies the allegations in Paragraph 82 of the Complaint.

83. Wish denies the allegations in Paragraph 83 of the Complaint.

**COUNT IV**
**(Trademark Infringement and Unfair Competition Under California Common Law)**

84. Wish hereby incorporates as though fully set forth herein its responses to the allegations in Paragraphs 1 through 83.

85. Wish lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and on that basis, denies the same.

86. Wish denies the allegations in Paragraph 86 of the Complaint.

87. Wish denies the allegations in Paragraph 87 of the Complaint.

88. Wish denies the allegations in Paragraph 88 of the Complaint.

89. Wish denies the allegations in Paragraph 89 of the Complaint.

90. Wish denies the allegations in Paragraph 90 of the Complaint.

**COUNT V**
**(Deceptive, False, and Misleading Advertising Under Calif. Bus. & Prof. Code § 17500 *et seq*.)**

91. Wish hereby incorporates as though fully set forth herein its responses to the allegations in Paragraphs 1 through 90.

92. Wish denies the allegations in Paragraph 92 of the Complaint.

93. Wish denies the allegations in Paragraph 93 of the Complaint.

94. Wish denies the allegations in Paragraph 94 of the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

12.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

95. Wish denies the allegations in Paragraph 95 of the Complaint.

96. Wish denies the allegations in Paragraph 96 of the Complaint.

97. Wish denies the allegations in Paragraph 97 of the Complaint.

**COUNT VI**
**(Unlawful, Unfair, and Deceptive Business Practices Under Calif. Bus. & Prof. Code § 17200 *et seq*.)**

98. Wish hereby incorporates as though fully set forth herein its responses to the allegations in Paragraphs 1 through 97.

99. Wish denies the allegations in Paragraph 99 of the Complaint.

100. Wish denies the allegations in Paragraph 100 of the Complaint.

101. Wish denies the allegations in Paragraph 101 of the Complaint.

102. Wish denies the allegations in Paragraph 102 of the Complaint.

103. Wish denies the allegations in Paragraph 103 of the Complaint.

104. Wish denies the allegations in Paragraph 104 of the Complaint.

105. Wish denies the allegations in Paragraph 105 of the Complaint.

106. Wish denies the allegations in Paragraph 106 of the Complaint.

**COUNT VII**
**(Accounting)**

107. Wish hereby incorporates as though fully set forth herein its responses to the allegations in Paragraphs 1 through 106.

108. Wish denies the allegations in Paragraph 108 of the Complaint.

109. Wish denies the allegations in Paragraph 109 of the Complaint.

110. Wish denies the allegations in Paragraph 110 of the Complaint.

**<u>DEFENSES</u>**

Wish asserts the following separate and additional defenses to Plaintiffs' Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs. Wish reserves the right to seek leave to amend these defenses based on its ongoing investigation and discovery into the matters alleged in the Complaint. Wish does not knowingly or intentionally waive any applicable defense.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

13.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

**FIRST AFFIRMATIVE DEFENSE**
**(Fair Use)**

1. Plaintiffs' claims are barred because Wish used, fairly and in good faith, the descriptive terms "Deal" and "Dash" to fairly and accurately describe a daily deal feature on the WISH® online discount shopping platform and mobile application, as well as the CUTE™, HOME™, GEEK™, and MAMA™ mobile apps and websites, in which users must act quickly to buy discounted products within a timed shopping spree, and thus Wish neither infringed any of Plaintiffs' alleged rights nor committed any related act of unfair competition.

**SECOND AFFIRMATIVE DEFENSE**
**(Abandonment)**

2. Plaintiffs' claims are barred because Plaintiffs engaged in a course of conduct, including acts of omission or commission, namely, the tolerance of third parties' use of the term DEAL DASH or similar terms in connection with those third parties' own online sales of goods or services, such that the term no longer exclusively identifies Plaintiffs' services, as a result of which the term lost its significance as a mark, rendering the mark "abandoned" within the meaning of Section 45 of the Lanham Trademark Act.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

3. Plaintiffs' claims are barred by the equitable doctrine of laches.

**PRAYER FOR RELIEF ON PLAINTIFFS' COMPLAINT**

**WHEREFORE**, Wish prays for relief and judgment as follows:

 a. That the Court deny Plaintiffs' prayer for relief in its entirety and that the Court dismiss the Complaint with prejudice and enter judgment in Wish's favor;

 b. That the Court award Wish the costs of the action, along with its reasonable attorney's fees and expenses incurred in this action on the grounds that this is an "exceptional case" under 15 U.S.C. § 1117(a); and

 c. That the Court award Wish such other and further relief that it deems appropriate.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

14.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC

## JURY DEMAND

Wish demands a jury trial on all issues and claims so triable.

Dated:     July 3, 2018

COOLEY LLP
JOHN W. CRITTENDEN (101634)
PETER WILLSEY (DC 996937) (*pro hac vice*)
CHANTAL Z. HWANG (275236)
MICHAEL C. BLEICHER (313892)


/s/ *John W. Crittenden*
John W. Crittenden (101634)
Attorneys for Defendant
CONTEXTLOGIC INC. d/b/a WISH

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

179411138

15.

DEFENDANT WISH'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 3:18-CV-02353-MMC