COOLEY LLP
JOHN W. CRITTENDEN (101634)
(jcrittenden@cooley.com)
CHANTAL Z. HWANG (275236)
(chwang@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

COOLEY LLP
PETER WILLSEY (DC Bar No. 996937)
(pwillsey@cooley.com) (*pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202-842-7899)

MARCUS D. PETERSON (265339)
(mpeterson@cooley.com)
ROSE KAUTZ (307831) (rkautz@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

Attorneys for Defendant
CONTEXTLOGIC INC. d/b/a WISH

WARREN LEX LLP
Matthew S. Warren (State Bar No. 230565)
Patrick M. Shields (State Bar No. 204739)
Erika H. Warren (State Bar No. 295570)
18-2353@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Plaintiffs DEALDASH OYJ
and DEALDASH INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEALDASH OYJ and DEALDASH INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONTEXTLOGIC INC. d/b/a WISH, <br><br> Defendant. | Case No.  3:18-cv-02353-MMC <br><br> **[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** <br><br> Judge: The Hon. Maxine M. Chesney |

**I.   PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**II.   COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**III.   REASONABLY ACCESSIBLE ESI**

The Federal Rules of Civil Procedure will apply with respect to the preservation, review, and production of ESI. To that end, based on considerations of reasonableness and proportionality, each Party will conduct a diligent search of reasonably accessible sources in which it has reason to believe relevant ESI responsive to the opposing Party's discovery requests will be found.

**IV.   DEFINITIONS**

The following definitions apply to this Order:

A.   "**Bates Number**" means a unique number assigned to a document produced in litigation.

B.   "**Custodian**" means a person or resource (*e.g.*, a shared file server) who had custody of information or a document prior to collection for production.

C.   "**Database**" means an electronic collection of structured data (often maintained in a non-custodial manner), such as data created and maintained in Oracle, SAP, SQL, or Microsoft Access.

D.   "**ESI**" or "**Electronic Document**" refers to information stored in electronic form including word processing files (*e.g.*, Microsoft Word), computer presentations (*e.g.*, Microsoft PowerPoint), spreadsheets (*e.g.*, Microsoft Excel) and email, together with the available metadata associated with each such document.

E.   "**Extracted Text**" shall refer to the result of the process by which textual content of an Electronic Document is gleaned and extracted from an original Electronic Document for the purpose

1  of creating a plain-text Electronic Document containing the textual content from that Electronic
2  Document.

3        **F.**    "**Load File**" refers to a file or files issued with each production providing a map to the
4  images and metadata or coding associated with the documents in the production.

5        **G.**    "**Native Format**" as used herein, means the default format of a data file created by its
6  associated software program. For example, Microsoft Excel produces its output as '.xls' files by
7  default, which is the Native Format of Excel. "Native Format" shall also mean the default export
8  format for ESI stored in cloud storage databases (e.g. Google Drive) that is not maintained in a pre-
9  existing, segregable native format. For example, ESI stored as Google Sheets will be converted to
10 Microsoft Excel upon export. Google Slides information will convert to Microsoft PowerPoint format.
11 The exported file will be considered the native file for purposes of this agreement.

12       **H.**    "**OCR**" refers to optical character recognition, or the result of the process by which a
13 hard copy or non-searchable Electronic Document is analyzed by a computer for the purposes of
14 creating a plain-text Electronic Document that contains the textual content gleaned from the document.

15       **I.**    "**Producing Party**" means any Party to this lawsuit who produces documents or
16 information under this Agreement.

17       **J.**    "**Receiving Party**" means any Party to this lawsuit who receives documents or
18 information under this Agreement.

19 **V.**    **PRODUCTION FORMAT**

20     In general, documents shall be produced as Bates Numbered portable document format
21 ("PDF") images (for documents produced to Plaintiffs) or tagged image file format ("TIFF") images
22 (for documents produced to Defendant), accompanied by an image Load File, a data Load File with
23 fielded metadata, and document-level Extracted Text for ESI, and OCR text for scanned hard copy
24 documents and ESI that does not contain electronically extractable text. Detailed requirements,
25 including files to be delivered in native format, are below.

26       **A.**    **De-duplication**. To avoid the production of more than one copy of a unique item, the
27 Parties will use industry-standard methods to globally de-duplicate all files identified for production.
28 Loose Electronic Documents will not be compared to email attachments for de-duplication purposes.

1  Hard copy documents containing handwritten notes will not be considered as duplicative of any other
2  document.

3      **B.**    **Document Unitization**.  Where documents with attachments are produced, the
4  attachments will be produced in the same manner as included in the original file.  Where documents
5  are produced and all attachments thereto are not included, the Parties will identify the missing
6  attachments by means of a "place holder" file, and explain the reason for their non-production.
7  Documents that are segregated or separated from other documents, whether by inclusion of binders,
8  files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these
9  divisions.  If a Party converts paper documents into electronic format, distinct documents must not be
10 merged into a single record, and single documents must not be split into multiple records (*i.e.*, paper
11 documents must be logically unitized).  In the case of an organized compilation of separate documents
12 – for example, a binder containing several separate documents behind numbered tabs – the document
13 behind each tab should be scanned separately, but the relationship among the documents in the
14 compilation should be reflected in the proper coding of the beginning and ending document and
15 attachment fields.  The Parties will make their best efforts to unitize the documents correctly.

16     **C.**    **Production Delivery**.  Productions shall be delivered on an external hard drive, via
17 FTP, or via secure data transfer site.

18     **D.**    **Encryption**.  To maximize the security of information in transit, the Parties will
19 encrypt any media on which documents are produced.  In such cases, the Producing Party shall transmit
20 the encryption key or password and applicable instructions to the Receiving Party, upon receipt of the
21 encrypted media.

22     **E.**    **Image Requirements.**

23     **1.**    Images will be consecutively Bates Numbered and produced in color if color is
24 present within the original document. All images produced to Plaintiffs will be in PDF format.  Black
25 and white documents produced to Defendant will be produced in 300x300 dpi Group IV single-page
26 TIFF format.  Color images produced to Defendant will be in JPG format.

27     **2.**    Images will include the following content where present:
28     **a.**    For word processing files (*e.g.*, Microsoft Word): Comments, "tracked

changes," similar in-line editing or other hidden content available within the native document.

      **b.** For presentation files (*e.g.*, Microsoft PowerPoint): Speaker notes, comments or other hidden content available within the native document.

      **c.** For spreadsheet files (*e.g.,* Microsoft Excel – if applicable):  Hidden columns, rows, and sheets; comments, "tracked changes" and any similar in-line editing or other hidden content available within the native document.

  **F.**    **Native Production Requirements.**

    **1.**    Spreadsheet files (*e.g.*, Microsoft Excel, Google Sheets and .Csv files) are to be provided in Native Format.

      **a.** In lieu of a full image version of each spreadsheet file, a single placeholder image bearing the relevant Bates number and confidentiality designation will be produced.

      **b.** When redaction of a spreadsheet is necessary, a redacted imaged version may be produced provided that the spreadsheet is manually formatted for optimal printing.  If the spreadsheet requiring redaction is not reasonably useable in image format, the Parties will meet-and-confer to determine a suitable production format.

      **c.** If redactions within a native spreadsheet are necessary, the Parties will meet-and-confer to discuss the process, and provide a means to identify such documents in the production.

    **2.**    Media files (*e.g.* .mp3, .wmv, etc.) will be produced in Native Format with a single placeholder image bearing the relevant Bates number and confidentiality designations.

    **3.**    The Parties will meet and confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review.

    **4.**    The Parties will meet and confer to discuss a suitable production format for any Databases or Database reports.

    **5.**    Any responsive files that cannot be accurately rendered in a reviewable image format shall be produced in Native Format.

    **6.**    The Parties may request native copies of any documents that cannot be accurately reviewed in image format.  Reasonable requests for native documents should not be refused.

**G.     Load File Requirements.**

**1.**     The Parties will provide a Concordance compatible data Load File with each production volume, that contains a header row listing all of the metadata fields included in the production volume.

**2.**     Image Load Files shall be produced in Concordance/Opticon compatible format.

**H.     Extracted Text/OCR Requirements.**

**1.**     Electronically extracted text must be provided for documents collected from electronic sources. Text generated via OCR must be provided when possible for all documents that do not contain electronically extractable text (*e.g.* non-searchable PDF files or JPG images) and for redacted and hard copy documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

**2.**     Document text will be provided as separate, document-level text files and not be embedded in the metadata Load File.

**3.**     Text files shall be named according to the beginning Bates number of the document to which they correspond.

**4.**     If a document is provided in Native Format, the text file will contain the Extracted Text of the native file

**5.**     A path to each Extracted Text file on the delivery media will be included in a Load File field, or in a separate cross-reference file.

**I.     Metadata**. The Parties agree to produce the metadata fields listed in Appendix A, where applicable. A Party is not obligated to produce metadata from a document if metadata does not exist in the document, or if the metadata is not machine-extractable (except for Custodian and MD5 or SHA-1 hash, which should be generated for all ESI documents). For redacted Electronic Documents, OCR of the viewable text will be produced, but OCR of the redacted text will not be produced.

**VI.     DOCUMENTS PROTECTED FROM DISCOVERY**

**A.     Review and Redaction**. Each Party will review documents for privileged information

1  (or other information subject to a recognized immunity from discovery) prior to production, and a
2  Party may satisfy its review obligations through a reasonable electronic search for potentially
3  privileged documents. Documents that contain both privileged and non-privileged information will
4  be produced with the privileged information redacted in such a way as to show the location of the
5  redaction within the document.

6  **B.    Non-Waiver**. The production of privileged or work-product protected documents,
7  ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection
8  from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted
9  to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained
10 herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or
11 information (including metadata) for relevance, responsiveness and/or segregation of privilege and/or
12 protected information before productions. The proper procedure for the notification and return of
13 privileged or protected information produced in this matter is governed by Fed. R. Civ. P. 26(b)(5)(B).

14 **VII.    MISCELLANEOUS PROVISIONS**

15 **A.**    This Order shall have no effect on any Producing Party's right to seek reimbursement
16 for costs associated with collection, review, or production of documents or ESI.

17 **B.**    Nothing in this Order shall be interpreted to require disclosure of irrelevant information
18 or relevant information protected by the attorney-client privilege, work-product doctrine, or any other
19 applicable privilege or immunity. Likewise, nothing in this Order is intended or should be interpreted
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

as narrowing, expanding, or otherwise affecting the rights of the Parties to make discovery objections. The Parties expressly reserve and do not waive any rights or objections as to the production, discoverability, admissibility, authenticity, or confidentiality of documents and ESI.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:        November 6, 2018

COOLEY LLP
JOHN W. CRITTENDEN (101634)
PETER WILLSEY (DC 996937) (*pro hac vice*)
CHANTAL Z. HWANG (275236)
MARCUS PETERSON (265339)

/s/ Marcus Peterson
Marcus Peterson (265339)
Attorneys for Defendant
CONTEXTLOGIC INC. d/b/a WISH

Dated:        November 6, 2018

WARREN LEX LLP
MATTHEW S. WARREN (230565)
PATRICK M. SHIELDS (204739)
ERIKA H. WARREN (295570)

Erika H. Warren
Attorneys for Plaintiffs
DEALDASH OYJ and DEALDASH INC.

<u>**ATTESTATION PURSUANT TO CIV. L. R. 5-1(I)(3)**</u>

I, Marcus Peterson, hereby attest that concurrence in the filing of this document has been obtained from counsel of record for the Plaintiffs.

/s/ Marcus Peterson
Marcus Peterson

**IT IS SO ORDERED.**

Dated: _____, 2018

The Honorable Maxine M. Chesney
United States District Judge

# APPENDIX A

## METADATA FIELDS

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegAttach | Bates number of the first page of a family range |
| EndAttach | Bates number of the last page of a family range |
| PageCount | Number of pages in a document. |
| FileExtension | Original file extension as the document was maintained in the ordinary course |
| FileSize | File size in bytes |
| DocTitle | Document title as stored in file metadata |
| Document Subject | Any value populated in the Subject field of the document properties |
| Custodian | Custodian full name |
| Author | Document author information for non-email |
| From | Email From |
| To | Email TO |
| Cc | Email CC |
| BCC | Email BCC |
| Subject | Email Subject |
| Attachments | Name of attached file(s) as maintained in the ordinary course of business. |
| DateCreated | File date and time created MM/DD/YYYY HH:MM AM/PM |
| DateModified | File date and time modified MM/DD/YYYY HH:MM AM/PM |
| DateSent | Email date and time sent MM/DD/YYYY HH:MM AM/PM |
| DateReceived | Email date received. MM/DD/YYYY |
| FileName | Name of the file as maintained in the ordinary course of business with extension. |
| MD5Hash | The computer-generated MD5 Hash value for each document. |
| TextPath | The path to the corresponding text file for each record on the delivery media, including filename. |
| NativePath | The path to the native-format file corresponding to each record on the delivery media, including the file name (if a native-format file is provided). |