1    COOLEY LLP                                    WARREN LEX LLP
2    JOHN W. CRITTENDEN (101634)                   Matthew S. Warren (State Bar No. 230565)
     (jcrittenden@cooley.com)                      Patrick M. Shields (State Bar No. 204739)
3    CHANTAL Z. HWANG (275236)                     Erika H. Warren (State Bar No. 295570)
     (chwang@cooley.com)                           18-2353@cases.warrenlex.com
     101 California Street, 5th Floor              2261 Market Street, No. 606
4    San Francisco, CA  94111-5800                 San Francisco, California, 94114
     Telephone:   (415) 693-2000                   +1 (415) 895-2940
5    Facsimile:   (415) 693-2222                   +1 (415) 895-2964 facsimile

6    COOLEY LLP                                    Attorneys for Plaintiffs DEALDASH OYJ
     PETER WILLSEY (DC Bar No. 996937)             and DEALDASH INC.
7    (pwillsey@cooley.com) (*pro hac vice*)
     1299 Pennsylvania Avenue, NW, Suite 700
8    Washington, DC  20004-2400
     Telephone:   (202) 842-7800
9    Facsimile:   (202-842-7899)

10   MARCUS D. PETERSON (265339)
     (mpeterson@cooley.com)
11   ROSE KAUTZ (307831) (rkautz@cooley.com)
12   1333 2nd Street, Suite 400
     Santa Monica, CA 90401
13   Telephone: (310) 883-6400
     Facsimile: (310) 883-6500

14
     Attorneys for Defendant
15   CONTEXTLOGIC INC. d/b/a WISH

16                        UNITED STATES DISTRICT COURT

17                      NORTHERN DISTRICT OF CALIFORNIA

18                           SAN FRANCISCO DIVISION

19

20

21   DEALDASH OYJ and DEALDASH INC.,         Case No.  3:18-cv-02353-MMC

           Plaintiffs,                       **[PROPOSED] STIPULATED ORDER RE:**
22                                           **DISCOVERY OF ELECTRONICALLY**
                                             **STORED INFORMATION**
     v.
23
                                             Judge: The Hon. Maxine M. Chesney
     CONTEXTLOGIC INC. d/b/a WISH,
24
           Defendant.
25

26

27

28

**I.    PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**II.    COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**III.    REASONABLY ACCESSIBLE ESI**

The Federal Rules of Civil Procedure will apply with respect to the preservation, review, and production of ESI. To that end, based on considerations of reasonableness and proportionality, each Party will conduct a diligent search of reasonably accessible sources in which it has reason to believe relevant ESI responsive to the opposing Party's discovery requests will be found.

**IV.    DEFINITIONS**

The following definitions apply to this Order:

**A.**    "**Bates Number**" means a unique number assigned to a document produced in litigation.

**B.**    "**Custodian**" means a person or resource (*e.g.*, a shared file server) who had custody of information or a document prior to collection for production.

**C.**    "**Database**" means an electronic collection of structured data (often maintained in a non-custodial manner), such as data created and maintained in Oracle, SAP, SQL, or Microsoft Access.

**D.**    "**ESI**" or "**Electronic Document**" refers to information stored in electronic form including word processing files (*e.g.*, Microsoft Word), computer presentations (*e.g.*, Microsoft PowerPoint), spreadsheets (*e.g.*, Microsoft Excel) and email, together with the available metadata associated with each such document.

**E.**    "**Extracted Text**" shall refer to the result of the process by which textual content of an Electronic Document is gleaned and extracted from an original Electronic Document for the purpose

of creating a plain-text Electronic Document containing the textual content from that Electronic Document.

**F.** "**Load File**" refers to a file or files issued with each production providing a map to the images and metadata or coding associated with the documents in the production.

**G.** "**Native Format**" as used herein, means the default format of a data file created by its associated software program. For example, Microsoft Excel produces its output as '.xls' files by default, which is the Native Format of Excel. "Native Format" shall also mean the default export format for ESI stored in cloud storage databases (e.g. Google Drive) that is not maintained in a pre-existing, segregable native format.   For example, ESI stored as Google Sheets will be converted to Microsoft Excel upon export. Google Slides information will convert to Microsoft PowerPoint format. The exported file will be considered the native file for purposes of this agreement.

**H.** "**OCR**" refers to optical character recognition, or the result of the process by which a hard copy or non-searchable Electronic Document is analyzed by a computer for the purposes of creating a plain-text Electronic Document that contains the textual content gleaned from the document.

**I.** "**Producing Party**" means any Party to this lawsuit who produces documents or information under this Agreement.

**J.** "**Receiving Party**" means any Party to this lawsuit who receives documents or information under this Agreement.

**V.** <u>PRODUCTION FORMAT</u>

In general, documents shall be produced as Bates Numbered portable document format ("PDF") images (for documents produced to Plaintiffs) or tagged image file format ("TIFF") images (for documents produced to Defendant), accompanied by an image Load File, a data Load File with fielded metadata, and document-level Extracted Text for ESI, and OCR text for scanned hard copy documents and ESI that does not contain electronically extractable text.   Detailed requirements, including files to be delivered in native format, are below.

**A.** **De-duplication**. To avoid the production of more than one copy of a unique item, the Parties will use industry-standard methods to globally de-duplicate all files identified for production. Loose Electronic Documents will not be compared to email attachments for de-duplication purposes.

3.

1  Hard copy documents containing handwritten notes will not be considered as duplicative of any other

2  document.

3       **B.     Document Unitization**.  Where documents with attachments are produced, the

4  attachments will be produced in the same manner as included in the original file.  Where documents

5  are produced and all attachments thereto are not included, the Parties will identify the missing

6  attachments by means of a "place holder" file, and explain the reason for their non-production.

7  Documents that are segregated or separated from other documents, whether by inclusion of binders,

8  files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these

9  divisions.  If a Party converts paper documents into electronic format, distinct documents must not be

10 merged into a single record, and single documents must not be split into multiple records (*i.e.*, paper

11 documents must be logically unitized).  In the case of an organized compilation of separate documents

12 – for example, a binder containing several separate documents behind numbered tabs – the document

13 behind each tab should be scanned separately, but the relationship among the documents in the

14 compilation should be reflected in the proper coding of the beginning and ending document and

15 attachment fields.  The Parties will make their best efforts to unitize the documents correctly.

16      **C.     Production Delivery**.  Productions shall be delivered on an external hard drive, via

17 FTP, or via secure data transfer site.

18      **D.     Encryption**.  To maximize the security of information in transit, the Parties will

19 encrypt any media on which documents are produced.  In such cases, the Producing Party shall transmit

20 the encryption key or password and applicable instructions to the Receiving Party, upon receipt of the

21 encrypted media.

22      **E.     Image Requirements.**

23           **1.**     Images will be consecutively Bates Numbered and produced in color if color is

24 present within the original document. All images produced to Plaintiffs will be in PDF format.  Black

25 and white documents produced to Defendant will be produced in 300x300 dpi Group IV single-page

26 TIFF format.  Color images produced to Defendant will be in JPG format.

27           **2.**     Images will include the following content where present:

28                **a.**     For word processing files (*e.g.*, Microsoft Word): Comments, "tracked

changes," similar in-line editing or other hidden content available within the native document.

        **b.**     For presentation files (*e.g.*, Microsoft PowerPoint): Speaker notes, comments or other hidden content available within the native document.

        **c.**     For spreadsheet files (*e.g.,* Microsoft Excel – if applicable):  Hidden columns, rows, and sheets; comments, "tracked changes" and any similar in-line editing or other hidden content available within the native document.

    **F.**    **Native Production Requirements.**

        **1.**     Spreadsheet files (*e.g.*, Microsoft Excel, Google Sheets and .Csv files) are to be provided in Native Format.

        **a.**     In lieu of a full image version of each spreadsheet file, a single placeholder image bearing the relevant Bates number and confidentiality designation will be produced.

        **b.**     When redaction of a spreadsheet is necessary, a redacted imaged version may be produced provided that the spreadsheet is manually formatted for optimal printing.  If the spreadsheet requiring redaction is not reasonably useable in image format, the Parties will meet-and-confer to determine a suitable production format.

        **c.**     If redactions within a native spreadsheet are necessary, the Parties will meet-and-confer to discuss the process, and provide a means to identify such documents in the production.

        **2.**     Media files (*e.g.* .mp3, .wmv, etc.) will be produced in Native Format with a single placeholder image bearing the relevant Bates number and confidentiality designations.

        **3.**     The Parties will meet and confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review.

        **4.**     The Parties will meet and confer to discuss a suitable production format for any Databases or Database reports.

        **5.**     Any responsive files that cannot be accurately rendered in a reviewable image format shall be produced in Native Format.

        **6.**     The Parties may request native copies of any documents that cannot be accurately reviewed in image format.  Reasonable requests for native documents should not be refused.

1    **G.**    **Load File Requirements.**

2    **1.**    The Parties will provide a Concordance compatible data Load File with each

3    production volume, that contains a header row listing all of the metadata fields included in the

4    production volume.

5    **2.**    Image Load Files shall be produced in Concordance/Opticon compatible

6    format.

7    **H.**    **Extracted Text/OCR Requirements.**

8    **1.**    Electronically extracted text must be provided for documents collected from

9    electronic sources.  Text generated via OCR must be provided when possible for all documents that

10   do not contain electronically extractable text (*e.g.* non-searchable PDF files or JPG images) and for

11   redacted and hard copy documents.  The Parties agree not to degrade the searchability of documents

12   as part of the document production process.

13   **2.**    Document text will be provided as separate, document-level text files and not

14   be embedded in the metadata Load File.

15   **3.**    Text files shall be named according to the beginning Bates number of the

16   document to which they correspond.

17   **4.**    If a document is provided in Native Format, the text file will contain the

18   Extracted Text of the native file

19   **5.**    A path to each Extracted Text file on the delivery media will be included in a

20   Load File field, or in a separate cross-reference file.

21   **I.**    **Metadata**.  The Parties agree to produce the metadata fields listed in Appendix A,

22   where applicable.  A Party is not obligated to produce metadata from a document if metadata does not

23   exist in the document, or if the metadata is not machine-extractable (except for Custodian and MD5

24   or SHA-1 hash, which should be generated for all ESI documents).  For redacted Electronic

25   Documents, OCR of the viewable text will be produced, but OCR of the redacted text will not be

26   produced.

27   **VI.    DOCUMENTS PROTECTED FROM DISCOVERY**

28   **A.**    **Review and Redaction**.  Each Party will review documents for privileged information

STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:18-CV-02353-MMC

(or other information subject to a recognized immunity from discovery) prior to production, and a Party may satisfy its review obligations through a reasonable electronic search for potentially privileged documents.  Documents that contain both privileged and non-privileged information will be produced with the privileged information redacted in such a way as to show the location of the redaction within the document.

**B.    Non-Waiver**.  The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privilege and/or protected information before productions.  The proper procedure for the notification and return of privileged or protected information produced in this matter is governed by Fed. R. Civ. P. 26(b)(5)(B).

**VII.    MISCELLANEOUS PROVISIONS**

**A.**    This Order shall have no effect on any Producing Party's right to seek reimbursement for costs associated with collection, review, or production of documents or ESI.

**B.**    Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  Likewise, nothing in this Order is intended or should be interpreted

//
//
//
//
//
//
//
//
//

1    as narrowing, expanding, or otherwise affecting the rights of the Parties to make discovery objections.

2    The Parties expressly reserve and do not waive any rights or objections as to the production,

3    discoverability, admissibility, authenticity, or confidentiality of documents and ESI.

4         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6    Dated:      November  6 , 2018          COOLEY LLP
                                            JOHN W. CRITTENDEN (101634)
7                                           PETER WILLSEY (DC 996937) (*pro hac vice*)
                                            CHANTAL Z. HWANG (275236)
8                                           MARCUS PETERSON (265339)

9

10                                          /s/ Marcus Peterson
                                            _____
11                                          Marcus Peterson (265339)
                                            Attorneys for Defendant
12                                          CONTEXTLOGIC INC. d/b/a WISH

13    Dated:      November 6, 2018           WARREN LEX LLP
                                            MATTHEW S. WARREN (230565)
14                                          PATRICK M. SHIELDS (204739)
                                            ERIKA H. WARREN (295570)
15

16

17                                          _____
                                            Erika H. Warren
18                                          Attorneys for Plaintiffs
                                            DEALDASH OYJ and DEALDASH INC.
19

20

21

22

23

24

25

26

27

28

## ATTESTATION PURSUANT TO CIV. L. R. 5-1(I)(3)

I, Marcus Peterson, hereby attest that concurrence in the filing of this document has been obtained from counsel of record for the Plaintiffs.

/s/ Marcus Peterson
Marcus Peterson

**IT IS SO ORDERED.**

Dated: __November 7__, 2018

The Honorable Maxine M. Chesney
United States District Judge

STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:18-CV-02353-MMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

**METADATA FIELDS**

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegAttach | Bates number of the first page of a family range |
| EndAttach | Bates number of the last page of a family range |
| PageCount | Number of pages in a document. |
| FileExtension | Original file extension as the document was maintained in the ordinary course |
| FileSize | File size in bytes |
| DocTitle | Document title as stored in file metadata |
| Document Subject | Any value populated in the Subject field of the document properties |
| Custodian | Custodian full name |
| Author | Document author information for non-email |
| From | Email From |
| To | Email TO |
| Cc | Email CC |
| BCC | Email BCC |
| Subject | Email Subject |
| Attachments | Name of attached file(s) as maintained in the ordinary course of business. |
| DateCreated | File date and time created MM/DD/YYYY HH:MM AM/PM |
| DateModified | File date and time modified MM/DD/YYYY HH:MM AM/PM |
| DateSent | Email date and time sent MM/DD/YYYY HH:MM AM/PM |
| DateReceived | Email date received.  MM/DD/YYYY |
| FileName | Name of the file as maintained in the ordinary course of business with extension. |
| MD5Hash | The computer-generated MD5 Hash value for each document. |
| TextPath | The path to the corresponding text file for each record on the delivery media, including filename. |
| NativePath | The path to the native-format file corresponding to each record on the delivery media, including the file name (if a native-format file is provided). |

STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:18-CV-02353-MMC