UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEALDASH OYJ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONTEXTLOGIC INC.,<br><br>Defendant. | Case No. 18-cv-02353-MMC (JCS)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 109 |

The parties filed a letter brief raising various discovery issues that they were unable to resolve. With respect to each dispute, it is clear to the Court that counsel's failure to resolve the dispute is the result of overreaching by one or both sides. The Court resolves the disputes as follows:

### A. Defendant's Deposition Topic 9

Topic 9 is more of a contention interrogatory than a proper deposition topic. Plaintiffs shall, within 14 days, answer the following interrogatory: Describe in detail all facts and evidence known to Plaintiffs which supports the conclusion that, before Wish adopted or used the name 'Deal Dash' for its daily feature, Wish (1) knew or should have known of Plaintiffs' prior use of the DEAL DASH mark, or (2) sought to benefit from Plaintiffs' reputation embodied in that mark.

### B. Plaintiffs' Requests for Production 89–93

The parties dispute whether two assertions in a declaration by Wish's counsel John Crittenden effect a waiver of attorney-client privilege as to certain subject matter. In support of an administrative motion seeking to continue a hearing on a motion for a preliminary injunction, counsel declared as follows:

> 4. Wish's General Counsel has advised me that, as far as he knew, before Wish's registered agent for service of process was served with Plaintiffs' Summons, Complaint, Motion for Preliminary Injunction ("Motion") and supporting papers on or about April 23, 2018, Plaintiffs never sent Wish a cease and desist letter or otherwise informed Wish of their objection to its use of the name DEAL DASH.
>
> 5. Wish has advised me that the DEAL DASH name is not important to it, and that an effort [sic] to eliminate issues in dispute and facilitate resolution of this matter, it had decided voluntarily and permanently to remove the name from the Wish app in favor of BLITZ BUY.

Crittenden Decl. (dkt. 26-1). Based on that statement, DealDash seeks the following categories of documents, for which it contends Wish has waived attorney-client privilege:

> all documents regarding "communications between Wish's general counsel and John Crittenden referred to in Paragraph 4" (89); "communications between Wish's general counsel and John Crittenden regarding Wish's awareness of DealDash's objection to Wish's use of the name 'Deal Dash'" (90); "communications between Wish and John Crittenden referred to in Paragraph 5" (91); "communications between Wish and John Crittenden regarding the significance of the name 'Deal Dash'" (92); and "communications between Wish and John Crittenden regarding Wish's decision to remove the name 'Deal Dash' from the Wish app" (93).

Discovery Letter (dkt. 109) at 3 (quoting DealDash's requests for production).

The purpose of the attorney-client privilege is to permit attorneys to provide sound legal advice and effective advocacy by encouraging "full and frank communications between attorneys and their clients." *United States v. Mett*, 178 F.3d 1058, 1062 (9th Cir. 1999) (citing *Upjohn*, 449 U.S. at 389). When a party waives privileged communications, waiver extends to additional undisclosed protected material so long as:

> (1) the waiver is intentional;
>
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
>
> (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a).

"The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 963 (N.D.

2

Cal. 2006) (quoting *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005)), *aff'd*, No. C 02-3378 JSW, 2006 WL 2329460 (N.D. Cal. Aug. 9, 2006). The party asserting privilege bears the "burden to show that fairness does not require waiver of the privilege over documents relating to the same subject matter as the documents disclosed." *Theranos, Inc. v. Fuisz Techs., Ltd.*, No. C 11-5236 PSG, 2013 WL 2153276, at *3 (N.D. Cal. May 16, 2013).

Here, Wish has met its burden to show that that fairness does not require considering all privileged communications on these broad subjects as a result of the declaration filed seeking an extension of a hearing date. There is no reasonable dispute that DealDash would not be asserting a waiver if Wish's counsel had appeared in court in stated either, "My client received no notice of DealDash's objection before being served in this lawsuit," or, "Wish does not consider the 'Deal Dash' name important and has replaced it with a new name, 'Blitz Buy.'" Lawyers routinely make such representations to courts; indeed, one of the basic functions of an attorney is to communicate a client's positions to the court. DealDash itself concedes that Wish could have "communicate[d] 'purely factual' information about the topics of Mr. Crittenden's declaration, . . . through attorney argument" without effecting a waiver, without explaining why the form in which counsel presented those facts—a declaration as compared to argument—changes the waiver analysis. *See* Discovery Letter at 4. Wish has gained no advantage as a result of the *form* of disclosure of the challenged assertions, because there is no reason to believe that the Court's decision on whether to continue the hearing would have differed if counsel had asserted the same information as argument in Wish's motion, supported only by counsel's signature and the representations that entails under Rule 11, rather than as a supporting declaration. While a more thorough attorney might have provided declarations from Wish employees with personal knowledge rather than the attorney hearsay declaration at issue, the shortcut taken in this case, in the context of administrative motion to extend time, does not in fairness call for a broad waiver of privilege.

DealDash asserts that "[t]his Court has found subject matter waivers in strikingly similar circumstances" in two cases: *Trustees of Leland Stanford Junior University v. Roche Molecular Systems*, 237 F.R.D. 618 (N.D. Cal. 2006), and *Moeller v. Taco Bell Corp.*, No. C 05-5849 PJH

(JL), 2009 WL 10710495 (N.D. Cal. Oct. 6, 2009). Discovery Letter at 4. In *Stanford*, a party "submitted a petition [to the Patent Office] to correct inventorship *and relied on attorney opinions* in supporting its assertion that it lacked deceptive intent." 237 F.R.D. at 626 (emphasis added). In *Moeller*, the defendant submitted declarations from construction management consultants addressing certain barriers to accessibility, which included legal conclusions regarding compliance, but refused to produce documents or allow deposition testimony regarding communications relevant to how the consultants reached those conclusions. 2009 WL 10710495, at *1–3. In both cases, the party asserting privilege had relied on disclosure of matters that would otherwise have been privileged to gain an advantage—legal advice from counsel in *Stanford*, and legal conclusions reached through consultation with counsel in *Moeller*.

Here, Wish did not disclose any opinions of its attorney or gain any advantage by submitting the factual assertions at issue in an attorney declaration rather than a declaration from a Wish employee with personal knowledge. Its decision to file a declaration by Crittenden appears to have been based on expedience, not strategy. This case is therefore distinguishable from the cases on which DealDash relies, and the Court finds no waiver as to documents reflecting communications between Wish and its outside counsel.

### C. Defendant's Requests for Production 11–14, 47, 54, 58 and 60

In this dispute, the parties argue over whether the production of financial information from Plaintiffs should begin 18 months before the infringement or should go back another 15 months. This is the perfect sort of dispute for reasonable parties to compromise. But they didn't. The Court holds that the production of data from April 2014 onwards is sufficient for Defendants to determine Plaintiffs' injuries, if any.

### D. Plaintiffs' Interrogatories 2 and 3 and RFA 10

Defendant shall provide full and complete answers to these interrogatories, and shall provide a simple admit or deny response to RFA 10, within 14 days.

### E. Defendant's Request for Production 27

The parties shall meet and confer, and, within 7 days, agree on search terms to be used to search customer complaints for the past 5 years. The total number of terms may not be more than

6. Those search terms will then be applied by both the Plaintiffs and by the Defendants to their customer complaints for the past 5 years. Documents that are found by these searches, other than privileged material, shall be produce within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: March 11, 2019

JOSEPH C. SPERO
Chief Magistrate Judge