1  WARREN LEX LLP
   Matthew S. Warren (Bar No. 230565)
2  Patrick M. Shields  (Bar No. 204739)
   Erika H. Warren (Bar No. 295570)
3  Dimitri Rizek (Bar. No. 314800)
   Amy M. Bailey (Bar No. 313151)
4  18-2353@cases.warrenlex.com
   2261 Market Street, No. 606
5  San Francisco, California, 94114
   +1 (415) 895-2940
6  +1 (415) 895-2964 facsimile
7
8  *Attorneys for Plaintiffs DealDash Oyj and DealDash Inc.*

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  DEALDASH OYJ and DEALDASH INC.        )  Case No. 3:18-cv-02353-MMC
            Plaintiffs,                   )
14                                        )  **DEALDASH'S REPLY MEMORANDUM**
15  v.                                    )  **IN SUPPORT OF MOTION TO STRIKE**
                                          )  **AND EXCLUDE OPINIONS OF**
16  CONTEXTLOGIC INC. d/b/a WISH          )  **DEFENDANT'S EXPERT**
            Defendants.                   )  **PHILIP JOHNSON**
17                                        )
18                                        )  Judge:          Hon. Maxine M. Chesney
                                          )  Hearing Date:   June 14, 2019
19                                        )  Hearing Time:   9:00 a.m. PDT
                                          )
20  _____      )  Jury Trial Demanded

21

22

23              **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**
24

25

26

27

28

1

## **TABLE OF CONTENTS**

INTRODUCTION ……………………………………………………………………………………………1

ARGUMENT………………………………………………………………………………………………1

I.   Wish Cannot Shift the Burden of Its Failure Onto DealDash……………………………………………1

     A.   DealDash's Motion Is Consistent With Rule 37 ……………………………………………………1

     B.   DealDash's Motion Was Not Just Timely, But Expeditious ……………………………………...2

     C.   Wish Cannot Blame DealDash for Mr. Johnson's Failure to Follow Rule 26 …………….....3

II.  Wish's Self-Serving Declarations Confirm Mr. Johnson's Failure to Follow Rule 26 ……………..4

III. Mr. Johnson's Rule 26(a)(2)(B) Violation Prejudiced DealDash ……………………………………...5

IV.  Mr. Johnson Failed to Articulate a Reasonable and Reliable Methodology…………………………...7

CONCLUSION………………………………………………………………………………………………9

# TABLE OF AUTHORITIES

*Cases*                                                                   **Pages**

*Apple Inc. v. Amazon.com, Inc*,
  No. 11-1327, 2013 WL 1320760 (N.D. Cal. Apr. 1, 2013)…………………….…………..4

*Eliasen v. Hamilton,*
  111 F.R.D. 396 (N.D. Ill. 1986)………..……………………………………….…..…...4

*Galentine v. Holland Am. Line-Westours, Inc.,*
  333 F. Supp. 2d 991 (W.D. Wash. 2004)…………….……………...…….…………….7

*Macias v. Perez,*
  No. 10-973, 2011 WL 2669475 (S.D. Cal. July 7, 2011)…..……….…………………….6

*Rau v. State Farm Ins. Companies,*
  No. 06-27, 2007 WL 7652826 (D. Mont. Aug. 14, 2007) …..……………...…………….7

*S.E.C. v. Reyes,*
  2007 WL 963422 (N.D. Cal. Mar. 30, 2007)……………………………………….... 4

*Schuette v. City of Phoenix,*
  No. 08-2018, 2010 WL 1253193 (D. Ariz. Mar. 25, 2010)…………………………..3

*Toomey v. Nextel Commc'ns, Inc.,*
  No. 03-2887, 2004 WL 5512967 (N.D. Cal. Sept. 23, 2004)………………………...2

*United States v. City of Torrance,*
  163 F.R.D. 590 (C.D. Cal. 1995)…………………………………….……………..4

*United States v. N. E. Med. Servs.,*
  No. 10-01904, 2014 WL 7208627 (N.D. Cal. Dec. 17, 2014)......…………….……….... 6

*United States v. Sandoval-Mendoza,*
  472 F.3d 645 (9th Cir. 2006) …………….…....….....…………………………….....7

*Wanderer v. Johnston,*
  910 F.2d 652 (9th Cir. 1990)………………….………………………………..6

*Wendt v. Host Int'l, Inc.,*
  125 F.3d 806, 814 (9th Cir. 1997)………..………….……….……………..………..6

*Rules*

Fed. R. Civ. P. 26(a)(2)(B)……………………………………………………….…….…. *passim*

Fed. R. Civ. P. 37....……………………………………………………….………….…….1, 2

Civ. L.R. 37-1 …………….....…………………………………….………….……………….…1, 2

## INTRODUCTION

To resolve this motion, the Court need consider only a few facts.  First, Wish's survey expert Mr. Johnson did not disclose all the facts or data he considered in reaching his expert opinion.  Second, DealDash's survey expert Dr. Stec did.  Third, Wish knew well the correct standard for expert disclosure, and asserted it against Dr. Stec, assiduously but ultimately unsuccessfully, since Dr. Stec carefully followed Rule 26 and disclosed all materials he considered.  Fourth, despite its assertions against DealDash's experts, Wish applied a different standard to its own experts, evidently exercising no supervision to ensure that Mr. Johnson followed the rules.  Fifth, Mr. Johnson's failure prejudiced DealDash by preventing it from inquiring into materials Mr. Johnson considered but did not ultimately rely on—documents that Courts consider "even more important for cross-examination than those actually relied upon by him"—a prejudice for which no remedy is possible, as discovery has closed, trial quickly approaches, and in any event Mr. Johnson admitted at his deposition that he did not track the materials he considered but rejected and did not remember what they were, so there is no way to reconstruct the disclosure Mr. Johnson should have provided DealDash even if the parties had infinite time, which of course they do not.  Under these circumstances, allowing Mr. Johnson to testify would reward him for failing to follow the Rules, reward Wish for applying different standards to its own experts over DealDash, and punish only DealDash, which followed the rules and did nothing wrong.  The Court should grant the motion.

Even should the Court decide to reward Mr. Johnson for his failure to follow the rules, his report still fails the normal test of *Daubert* and Rule 702.  Wish's opposition does not grapple with DealDash's arguments on this point, preferring to claim that DealDash has not moved to strike under *Daubert* and Rule 702.  But of course DealDash has done exactly that, and done so correctly; the Court should strike its motion for this reason as well.

## ARGUMENT

### I.   Wish Cannot Shift the Burden of Its Failure Onto DealDash

#### A.   DealDash's Motion Is Consistent With Rule 37

Wish argues that DealDash's Motion violates Federal Rule of Civil Procedure 37 and Local Rule 37-1 because DealDash did not request a meet and confer with Wish before filing.  Opp. at 6-7.  The meet

and confer requirement does not apply here.  Rule 37 states that the meet and confer requirement applies where a party moves "for an order compelling disclosure or discovery."  Fed. R . Civ. P. 37(a)(1).  Local Rule 37-1 requires a meet and confer before filing "a motion to resolve a disclosure or discovery dispute."  Civ. L.R. 37-1.  This is not a motion to compel discovery, or to resolve a discovery dispute; it is a motion to strike improper expert opinions for failing to follow Rule 26.

DealDash is aware of no authority requiring a meet and confer before filing a motion to strike improper expert opinions, and Wish does not cite any.  Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.").  Rule 37(c)(1) is "self-executing" and "automatic" and does not require a prior motion to compel under Rule 37(a).  *Toomey v. Nextel Commc'ns, Inc.*, No. 03-2887, 2004 WL 5512967, at *4 (N.D. Cal. Sept. 23, 2004).

**B.      DealDash's Motion Was Not Just Timely, But Expeditious**

Wish asserts that because DealDash "waited until after the May 3 close of expert discovery to seek relief from the Court," and on "this basis alone, the Court should deny Plaintiffs' motion."  Opp. at 7.  This claim cannot survive contact with the chronology of relevant events.  Wish served Mr. Johnson's expert report on March 29, 2019.  Docket No. 145-1, Ex. A.  As DealDash explained in its Motion, the report itself did not indicate Mr. Johnson had considered materials he did not disclose; to the contrary, Mr. Johnson's disclosure appeared to include all materials he considered as required by Rule 26(a)(2)(B).  DealDash had no reason to conclude that Mr. Johnson had violated the Rule and certainly no reason to sua sponte accuse him of doing so.  Mot. at 4.  Expert discovery was set to end on Friday, May 3, Docket No. 107, but the parties could not accommodate all four of Wish's experts during this short time.  Reply Declaration of Dimitri H. Rizek in Support of DealDash's Motion for Summary Judgment, and Motions to Strike and Exclude Opinions of Defendant's Experts John Hansen and Philip Johnson ("Rizek Reply Decl."), Ex. F.  As a result, the parties agreed to extend expert discovery by one business day, to Monday, May 6, specifically to accommodate Mr. Johnson's deposition.  Rizek Reply Decl., Ex. G.  The parties asked the Court for permission to extend expert discovery for this specific purpose during the joint status conference on April 19, 2019, and the Court granted it.  Docket No. 132.  DealDash took Mr. Johnson's

deposition as agreed, after the close of expert discovery except for the specific purpose of taking Mr. Johnson's deposition.  Docket No. 145-1, Ex. B.  During his deposition, Mr. Johnson revealed for the first time that he had not followed Rule 26(a)(2)(B), and had not disclosed all the material he considered.  *See* Mot. at 4-7.  Four days later, on Friday, May 10, DealDash brought this Motion.  Docket No. 145.  In short, Wish argues that DealDash should have brought its Motion before the close of expert discovery, when Wish admits that DealDash could not have brought its Motion until the conclusion of Mr. Johnson's deposition, which occurred after the close of expert discovery.  DealDash filed its Motion four days after the deposition, on May 10, 2019, a more than reasonable time to prepare and file a motion of this complexity, even if expert motions were not due then, which they were.

Wish incorrectly interprets *Schuette v. City of Phoenix*, No. 08-2018, 2010 WL 1253193 (D. Ariz. Mar. 25, 2010) to support its position.  In *Schuette*, the court found that "all that matters for a rule 26(a)(2) analysis is whether or not Plaintiff met the deadlines ordered by this Court, and on this count, Plaintiff clearly 'dropped the ball.'"  *Id.* at *3.  If Plaintiff knew he would not meet the deadline, "it was incumbent upon him, then, to notify this Court and ask for more time."  *Id.*  "The Court agrees with Defendants that Plaintiff's conduct unfairly and inappropriately forced Dr. Hartzler to prepare his expert report without being able to rely on the Cummings Report."  *Id.* at 4.  "Absent such an opportunity, Defendant will certainly have been harmed by Plaintiff's conduct."  *Id.*  Contrary to *Schuette* where "allowing Defendants an opportunity to submit an amended report will alleviate the potential harm caused by Plaintiff's actions," DealDash has no time left in this litigation to amend its disclosure or seek more accurate deposition testimony from Mr. Johnson.  *Id.*  Nor is there a point because Mr. Johnson cannot recall the foundational decisions made in designing his survey to allow DealDash to probe further.

**C.    Wish Cannot Blame DealDash for Mr. Johnson's Failure to Follow Rule 26**

Admitting that Mr. Johnson failed to disclose information required by Rule 26, Wish seeks to blame the victim, DealDash, claiming "plaintiffs did absolutely nothing to obtain the documents and information" and "plaintiffs also could have subpoenaed Mr. Johnson directly for documents (as Wish did for Plaintiffs' survey expert), but they did not do so."  Mot. at 7.  But DealDash did not know Mr. Johnson had improperly withheld information, *see supra*, and in any event the burden to produce these documents fell squarely on Mr. Johnson and Wish.  Rule 26(a)(2)(B)(ii) "requires the production of the facts or data

considered by the [expert] witness in forming his or her opinions.  Courts have read the term 'considered' to include information that an expert reviews or generates, 'regardless of whether the experts actually rely on those materials as a basis for their opinions.'"  *Apple Inc. v. Amazon.com, Inc.*, No. 11-1327, 2013 WL 1320760, at *1 (N.D. Cal. Apr. 1, 2013) (alteration in original) (quoting *S.E.C. v. Reyes*, 2007 WL 963422, at *1 (N.D. Cal. Mar. 30, 2007)).  The Rules give expert witnesses this responsibility "regardless of whether the experts actually rely on those materials as a basis for their opinions."  *Id.*; *see* Mot. at 4-5. The reason is simple:  "the documents considered but rejected by the expert trial witness could be even more important for cross-examination than those actually relied upon by him."  *United States v. City of Torrance*, 163 F.R.D. 590, 594 (C.D. Cal. 1995) (quoting *Eliasen v. Hamilton*, 111 F.R.D. 396, 400 n. 5 (N.D. Ill. 1986)).  Wish cannot shift this burden by claiming that "plaintiffs could have requested informally any documents their [sic] believed Mr. Johnson had failed to disclose" (Docket No. 175-1 ¶ 6)—it is not DealDash's obligation, and DealDash didn't know anyway, *see supra*—or by arguing that "even Plaintiffs' survey expert did not raise it in his rebuttal report criticizing Mr. Johnson's survey." Opp. at 9.  (Again, Dr. Stec didn't know that anything was missing when he submitted his rebuttal report on April 19, 2019, before Mr. Johnson's deposition on May 6 revealed that he had concealed information subject to Rule 26(a)(2)(B).)

**II.      Wish's Self-Serving Declarations Confirm Mr. Johnson's Failure to Follow Rule 26**

Wish's counsel and its expert submitted self-serving declarations seeking to minimize Mr. Johnson's failure to follow Rule 26(a)(2)(B), but these declarations only confirm that they have no excuses.  Docket Nos. 175-1, 175-2.  Most tellingly, nowhere in Mr. Johnson's declaration does he claim to have disclosed all materials he considered, nowhere does he claim to have followed Rule 26, and nowhere does he even represent that DealDash discovered at his deposition all the materials that he considered but did not disclose, or even all the *categories* of such materials.  *See generally* Docket No. 175-2.  Surely Mr. Johnson would have sworn to any of these things if he could do so; his silence on all three speaks volumes.  *See id.*  Wish counsel Marcus Peterson also submitted a declaration, Docket No. 175-1, which is largely irrelevant; he claims that "neither I nor anyone else at my law firm sent Mr. Johnson any videos that he did not list in his Expert Report," *id.* ¶ 9, but the Rule does not require disclosure only of ads sent by lawyers, and Mr. Johnson testified that he reviewed more than three videos:

– 4 –



Rizek Reply Decl., Ex. H at 43:12-15.  Finally, Wish's counsel notes that the parties cooperated to provide materials disclosed under Rule 26(a)(2)(B), but neglects to note that in each case the experts had *properly disclosed their consideration of the materials*, but had not transmitted the materials themselves with the initial reports—either because the expert thought they were publicly available, they were voluminous, or there was an innocent mistake.  Rizek Reply Decl., Exs. I-P.  In each of these cases, however, the opposing party knew to ask, because the expert disclosed consideration in his or her report.  *See id.*  Not so with Mr. Johnson, who concealed his failure to disclose with a report that seemed complete until his deposition revealed otherwise.

### III.   Mr. Johnson's Rule 26(a)(2)(B) Violation Prejudiced DealDash

Striking Mr. Johnson's report is the only means to avoid significant prejudice to DealDash.  In addition to an incomplete rebuttal by DealDash's survey export, Dr. Stec, DealDash has been seriously prejudiced by Mr. Johnson's survey report because DealDash cannot obtain additional discovery time to probe further and also because it would be pointless to do so.  Mr. Johnson did not remember the basis for key decisions in designing his surveys.  Most importantly, he did not remember what other videos he considered before choosing the two he selected, that formed the basis of his survey and report.  Mot. at 6; Rizek Reply Decl., Ex. H at 40:10-12.  Mr. Johnson's failures pervade his report.  He failed to provide all the background research information he reviewed in "▮▮▮▮▮▮▮" himself "▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮."  *Id*. at 34:11-23.  Although Mr. Johnson reviewed production rate information, he did not provide any data detailing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮  *Id*. at 103:11 to 104:3.  And he does not remember what he did not disclose:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1   *Id*. at 85:15-22.   No additional discovery time would help Mr. Johnson reconstruct the required disclosure

2   he did not track and has since forgotten.   Had Mr. Johnson followed the rules, Dr. Stec could have

3   provided a response to Mr. Johnson's report that included Dr. Stec's assessment into "how well Mr.

4   Johnson's survey reflected his programming" and "understand exactly what was seen by the respondents."

5   Docket No. 182-20 at 22.   Mr. Johnson's failure to disclose meant that he could not, and Mr. Johnson's

6   failures of memory and recordkeeping mean that he never can.

7           Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "if a party fails to disclose evidence

8   as required by the Federal Rules, or to timely supplement its disclosure of evidence, it may not rely on that

9   evidence "on a motion, at a hearing, or at trial, unless the failure was substantially justified or is

10   harmless." *United States v. N. E. Med. Servs.*, No. 10-01904, 2014 WL 7208627, at *5 (N.D. Cal. Dec.

11   17, 2014).   Wish cites *Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th Cir. 1997) for the "five factors in

12   determining whether to exclude expert testimony as a sanction for failure to properly disclose expert

13   opinions," Opp. at 11, but excludes the seminal case *Wendt* cited, which provided that of the five factors,

14   the "key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnston*, 910 F.2d 652,

15   656 (9th Cir. 1990).   In fact, Wish conveniently omits that "the first two of these factors favor the

16   imposition of sanctions in most cases."  *Id.*   Instead, Wish makes a blanket statement that "none of them

17   would favor any sort of exclusion here,"  Opp. at 13, ignoring *Wanderer*.   In *Wendt*, "less drastic sanctions

18   are available and the defendants are no longer prejudiced by the actions of appellants' former counsel."

19   *Wendt*, 125 F.3d at 814.   That is not so here.   Wish's actions continues to prejudice DealDash because

20   DealDash does not have an opportunity to amend its disclosures by Dr. Stec in response to the

21   supplemental information provided by Wish's survey expert.

22           Wish references *Macias v. Perez*, No. 10-973, 2011 WL 2669475 (S.D. Cal. July 7, 2011) to show

23   that the court found "no prejudice because the report was submitted sufficiently before trial that the expert

24   could be deposed.  Opp. at 12.   In *Macias*, the expert produced all his material in time for his deposition.

25   *Macias*, 2011 WL 2669475 at *3 ("Mr. Bayer's report was provided sufficiently far enough in advance of

26   trial to allow Defendant to prepare for and take Mr. Bayer's deposition.").   The court in *Macias*

27   determined that "Mr. Bayer identified all the materials he reviewed in forming his opinion."  *Id*. at *4.

28   Contrary to the case Wish cites, Mr. Johnson has stated repeatedly in his deposition that he has not

produced the documents he reviewed but did not rely on in his survey.  Rizek Reply Decl., Ex. H at 32:5-9; 32:21 to 33:4; 34:15-18; 80:18 to 81:3; 83:23 to 84:11; 84:24 to 85:7; 85:15 to 86:5; 104:1-16; 105:20 to 106:16; 111:18 to 112:21; 120:22 to 121:13; 275:16-25.  Unlike in *Macias*, Wish did not produce a complete set of expert materials to DealDash prior to Mr. Johnson's deposition, and prejudiced DealDash from probing into Mr. Johnson's testimony using the entirety of the materials he considered.

Wish points out in *Galentine v. Holland Am. Line-Westours, Inc*., 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) that the injured party received "extra time to depose the expert witness, and to amend its summary judgment papers if it learned new evidence from the deposition."  Opp. at 12.  Specifically, *Galentine* held that "because Defendant will have an opportunity to depose Carr and have the Court consider any relevant evidence gained from that deposition, the admission of Carr's declaration is not so prejudicial as to warrant exclusion."  *Galentine*, 333 F. Supp. 2d at 994.  The facts in *Galentine* greatly differ from the facts of this case where DealDash was not given extra time to depose Mr. Johnson nor can the court consider any relevant information gained from Mr. Johnson even if there were additional discovery.  As stated *supra*,  Mr. Johnson cannot reliably testify to the documents he considered in designing the survey.

Wish claims that under *Rau v. State Farm Ins. Companies*, No. 06-27, 2007 WL 7652826 (D. Mont. Aug. 14, 2007), the court allowed the initial expert to be supplemented two weeks later while noting that "there is a public policy in favor of resolving cases on the merits."  Opp. at 13.  In *Rau*,  the expert's late disclosure made little difference to the discovery timeline and did not delay the litigation. "Even if Defendants had wanted to depose Ramsey, it is likely that they would not have done so within fourteen days."  *Rau*, 2007 WL 7652826, at *10.  In these limited circumstances, the court found that there was no prejudice.  *Id*.  Contrary to *Rau*, DealDash deposed Mr. Johnson already.

**IV.     Mr. Johnson Failed to Articulate a Reasonable and Reliable Methodology**

"Under *Daubert* and *Kumho Tire*, only relevant and reliable expert opinion testimony is admissible.  Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."  *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (alteration and internal quotation marks omitted).  Mr. Johnson's testimony was

neither.  Mr. Johnson provided no basis for his methodology in making broad generalizations from a survey of two videos:  "[T]here is absolutely no benefit or increase in consumer shopping intention of the Wish app if the phrase 'Deal Dash' is used to describe the spinning wheel feature, compared to the phrase 'Blitz Buy'"; or, "overall, the results of this study indicate that Wish's past use of the phrase "Deal Dash" for its Wish online shopping platform did not cause or encourage potential customers to download and use the Wish app to shop."  Mot. at 14.  Mr. Johnson could not even articulate the reasons why he made certain decisions in creating his survey other than being told to do so by Wish.



Rizek Reply Decl., Ex. H at 123:7-18.



*Id*. at 43:6-11.



*Id*. at 40:10-12; Mot. at 6.

Rizek Reply Decl., Ex. H at 56:22 to 57:5.  For these reasons and for those in the Motion, *see* Mot. at 12-15, Mr. Johnson's report fails to clear the *Daubert* bar.  Against these points, Wish levies the puzzling argument that DealDash does not bring a challenge "under Rule 702 or *Daubert* at all."  Opp. at 6.  This is simply wrong, *see* Mot. at 12-15, and Wish cannot avoid DealDash's arguments by burying its head in the sand and pretending not to see them.

## **CONCLUSION**

For the reasons set forth above and in DealDash's motion, the Court should grant DealDash's Motion and strike the report of Mr. Johnson.

Date:  May 31, 2019                    Respectfully submitted,

Patrick M. Shields
Matthew S. Warren
Erika H. Warren
Dimitri Rizek
Amy M. Bailey
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114

*Attorneys for Plaintiffs DealDash Oyj and DealDash Inc.*