IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEALDASH OYJ, et al.,

　　　　　　Plaintiffs,

　　v.

CONTEXTLOGIC INC.,

　　　　　　Defendant.

Case No. 18-cv-02353-MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**

Re: Dkt. No. 139

Before the Court is defendant ContextLogic Inc.'s ("ContextLogic") "Administrative Motion for Leave to File Under Seal," filed May 10, 2019, whereby ContextLogic seeks to file under seal material it has designated confidential, as well as material designated confidential by plaintiffs DealDash Oyj and DealDash Inc. ("DealDash"). Having read and considered the administrative motion and the declarations filed in support thereof, the Court rules as follows.

　　1. To the extent ContextLogic seeks to file under seal Exhibits 1 through 7, 9, and 10 to the "Declaration of Judd D. Lauter in Support of Defendant's Motion to Exclude Opinions and Testimony from Michael Wagner" ("Lauter Declaration"), the motion to seal is hereby GRANTED and said exhibits shall remain under seal.

　　2. To the extent ContextLogic seeks to file under seal, in its entirety, Exhibit 11 to the Lauter Declaration, as corrected, the motion to seal is hereby DENIED, as the designating party, DealDash, only contends certain portions thereof are confidential,

specifically, the portions of Exhibit 11 identified in Exhibit A to the "Declaration of Pasi Lohi Regarding Defendant's Corrected Exhibits" ("Lohi Declaration") (see Doc. 222-1), and, to such extent, good cause having been shown, the motion to seal is hereby GRANTED. ContextLogic is hereby DIRECTED to file, in the public record, within seven days of the date of this order, a version of Exhibit 11 in which the portions identified in Exhibit A to the Lohi Declaration are redacted.

3. To the extent ContextLogic seeks to file under seal Exhibit 12 to the Lauter Declaration, the motion to seal is hereby DENIED, as the designating party, DealDash, does not contend any portions thereof contain material that is confidential, and, accordingly, ContextLogic is hereby DIRECTED to file said exhibit in the public record within seven days of the date of this order.

4. To the extent ContextLogic seeks to file under seal, in its entirety, Exhibit 13 to the Lauter Declaration, as corrected, the motion to seal is hereby DENIED, as the designating party, DealDash, only contends certain portions thereof are confidential, specifically, the portions of Exhibit 13 that have been identified in Exhibit A to the "Declaration of Dimitri H. Rizek in Support of Defendant's Administrative Motions to Seal" ("Rizek Declaration") (see Doc. 162) and in Exhibit A to the "Declaration of Angela M. He Regarding Defendant's Corrected Exhibits" ("He Declaration") (see Doc. 220-1), and, to such extent, good cause having been shown, the motion to seal is hereby GRANTED. ContextLogic is hereby DIRECTED to file, within seven days of the date of this order, a version of Exhibit 13 in which the portions identified in Exhibit A to the Rizek Declaration and Exhibit A to the He Declaration are redacted.

5. To the extent ContextLogic seeks to file under seal Exhibits 14 through 16 to the Lauter Declaration, the motion to seal is hereby GRANTED and said exhibits shall remain under seal.

6. To the extent ContextLogic seeks to file under seal, in their entirety, Exhibits 17 and 18 to the Lauter Declaration, the motion to seal is hereby DENIED as moot, as ContextLogic subsequently filed redacted versions of said exhibits in the public record

(see Doc. 167-4 & Doc. 167-6), and, to such extent, good cause for such redactions having been shown, the motion to seal is hereby GRANTED.

7. To the extent ContextLogic seeks to file under seal Exhibit 243 to the "Declaration of Tarek Fahmy in Support of Defendant's Motion to Exclude Opinions and Testimony of Michael Wagner," the motion to seal is hereby GRANTED and said exhibit shall remain under seal.

8. To the extent ContextLogic seeks to file under seal portions of its "Motion to Exclude Opinions and Testimony of Michael Wagner," the motion to seal is hereby GRANTED as to all portions other than the following, as to which the motion is DENIED, as said portions do not cite to any material that the designating party, DealDash, has contended is confidential:

    a. Page 10:14 (beginning with "If") - 16

    b. Page 12:22 (beginning with "Did") - 24 (ending with "no")

    c. Page 13:20 (beginning with "the") - 23

    d. Page 13:23 (beginning with "did") - 24 (ending with "calculation")

    e. Page 14:19 (beginning with "factor") - 20 (ending with "analysis")

    f. Page 18:2 (beginning with "By") - 3

    g. Page 18:9 (beginning with "not") - 10 (ending with "use")

    h. Page 18:11 (beginning with "should" and ending with "assumptions")

    i. Page 18:12 (beginning with "very") - 13 (ending with "effect")

    j. Page 19:24 (beginning with "He") - 26 (ending with "own")

    k. Page 20:9 (beginning with "not") - 10 (ending with "so")

    l. Page 20:10 (beginning with "if") - 11 (ending with "it")

    m. Page 20:13 (beginning with "I" and ending with "accurate")

    n. Page 20:14 (beginning with "lacks") - 15 (ending with "Model")

    o. Page 20:21 (beginning with "I'm") - 22 (ending with "damages")

    p. Page 24:10 (beginning with "I") – (ending with "report")

    q. Page 24:14 (beginning with "he") - 18 (ending with "business")

r.  Page 24:18 (beginning with "aware") - 19 (ending with "negative")

ContextLogic is hereby DIRECTED to file, within seven days of the date of this order, a version of its "Motion to Exclude to Exclude Opinions and Testimony of Michael Wagner" consistent with the above.

**IT IS SO ORDERED.**

Dated:  September 5, 2019

MAXINE M. CHESNEY
United States District Judge